UNION PACIFIC RAILROAD COMPANY, APPELLEE, V. GREGORY
COAL COMPANY, APPELLANT.*

FILED APRIL 19, 1919.    No. 20224.

1. **Principal and Agent: ACTS OF AGENT.** An act of an agent, although
   without actual authority from his principal, may be with such
   apparent authority as to bind the principal.
2. **Landlord and Tenant: RELEASE: QUESTION FOR JURY.** The evi-
   dence indicated in the opinion as to the surrender of the premises
   and an agreement by plaintiff's agent to release defendant from
   further payments of rent *held* sufficient to raise a question for
   the jury.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Former judgment of
reversal adhered to, and motion for rehearing over-
ruled.*

*Strode & Beghtol,* for appellant.

*Edson Rich, Fred C. Foster,* and *J. E. Jacobson,*
contra.

MORRISSEY, C. J.

May 29, 1913, the parties to this action entered into
a written contract whereunder plaintiff leased to defend-
ant desk space in plaintiff's office in the city of Lincoln.
Plaintiff is a railroad corporation, and the lease was
signed and executed by its president. The lease was
to cover a term of five years from and after June 1,
1913, at a monthly rental of $60. Defendant occupied
the space and paid the monthly rental until June 30,
1915, when it vacated the space, and ever since refused
to pay the rental stipulated in the contract, claiming that
it had been released by E. B. Slosson, local agent of
plaintiff. This suit was brought to recover the rental
for the last six months of the year 1915. The court in-
structed a verdict for plaintiff.

*First heard before Commission, and reversed without opinion.

We think it clear that Slosson did not have actual authority to release defendant. With this question out of the record two questions remain: (1) Did Slosson have apparent authority to accept a surrender of the premises? (2) Did he accept a surrender and thereby release defendant from liability?

Having found that Slosson did not have actual authority to cancel the contract, we must consider the facts disclosed in an effort to determine whether defendant would be justified in dealing with him on the assumption that he had authority to waive the provisions of the contract. He had been in the employ of plaintiff for more than 30 years. He was its general freight and passenger agent for the city of Lincoln. As such he solicited business for the company and advertised its business, his name appearing in the advertisements as ''General Agent.'' In the room where defendant hired the desk space, Slosson was provided with a private room, or office, and matters pertaining to the conduct of the company's business in that office were referred to him. The other employees were subordinate to him, although it appears that he neither hired nor discharged subordinates without authority from his superiors in Omaha. When defendant took possession of the space, the key to the door was furnished by Slosson. During the occupancy of the space defendant paid the rent to Slosson, and he executed receipts, sometimes signing as ''Agent,'' at other times signing as ''General Agent.'' He was the ranking officer of the company in the city and had direct charge of the room in which this desk space was leased. It is conceded that he was the general freight and passenger agent. We think these facts sufficient to submit to the jury the question whether he had apparent authority to release defendant.

On the remaining question an agent of defendant testified that some time before vacating the space he discussed the matter of a release with Slosson, ex-

pressed a desire to secure a release from the terms of the contract, and that Slosson assented thereto. This is not without contradiction, and the conflict is sufficient to call for a submission of the question to a jury.

The judgment heretofore entered is adhered to, and the motion for rehearing is

OVERRULED.